John Minor, plaintiff in error, *vs.* The State of Georgia, defendant in error.

1. Where the stolen cow was butchered at a certain pen, and the evidence tends to connect the prisoner with the act, his previous use of the pen for butchering other cattle, is relevant testimony for the state.

2. The phrase "one of the original parties," would describe a principal in the second degree, or an accessory before the fact, as well as a principal in the first degree.

3. On a trial for larceny, the court's charge to the jury should not assume, or seem to assume, that the "transaction" was criminal, or that the prisoner's participation in it (if he did participate in it) was wrongful and fraudulent.

a. That the prisoner "did other acts" (that is, other than driving up the cow to the pen where she was slaughtered), "and aided in depriving the owner of his property," would not necessarily characterize him as a principal in the first, rather than as a principal in the second degree.

4. If the animal was stolen by other persons, with or without the prisoner's procurement, brought to his premises in his absence, after the larceny by them was complete, there received by him on his return, and slaughtered, he aiding in the slaughtering, in removing the meat, and in appropriating it to himself and some of his confederates, his offense is not that of a principal felon. If he procured the larceny, he is an accessory both before and after the fact; and if he did not procure it, but knew of it, he is an accessory after the fact, or guilty of the equivalent misdemeanor of receiving stolen goods, knowing them to be stolen.

Criminal Law. Evidence. Principals. Accessories. Charge of Court. Before Judge Wright. Dougherty Superior Court. October Term, 1876.

Minor was placed upon trial for the offense of simple larceny, alleged to have been committed in the stealing of a cow. He pleaded not guilty.

The jury found him guilty. He moved for a new trial upon the following grounds, to-wit:

1. Because the court erred in allowing the witness, Israel Telfair, to testify as to how many, and when, other cattle had been killed at the butcher-pen of defendant, for the purpose of showing how the parties were in the habit of killing their cattle.

2. Because the verdict was contrary to the following charge of the court: "that it is incumbent upon the state to prove by the evidence, that the defendant was one of the original perpetrators of the crime charged, and if it failed to do so, you should acquit."

3. Because the court erred in charging as follows : "that the jury could find defendant guilty if the evidence showed him one of the original parties to the offense, although he was not present at the time the cow was driven up."

4. Because the court erred in the following charge : " if you believe the defendant was one of the original parties in this transaction, though he was not personally present at the time the cow was driven up, but did other acts, and aided in depriving the owner of his property, he would be a principal in the first degree, and not an accessory after or before the fact, or principal in the second degree, and you could find him guilty, unless the evidence shows that he would be guilty of receiving stolen goods, as I have before charged you."

5. Because the verdict was contrary to the last portion of the above charge, commencing at the word " unless."

The motion was overruled, and the defendant excepted.

D. H. Pope; R. F. Lyon, for plaintiff in error.

B. B. Bower, solicitor general, for the state.

Bleckley, Judge.

1. Where the indictment is for stealing a cow, and the evidence tends to connect the prisoner with the act of butchering the animal at a certain pen, evidence that he had previously, at different times, butchered other cattle at the same pen, is admissible to show that he used the pen, and was engaged in a butchering business.

2. A person may be " one of the original parties" to an offense without being a principal in the first degree. If a principal in the second degree, or if only an accessory before the fact, he would be a party to the offense from the moment of its commission.

3. On the trial of an indictment for the larceny of a cow, a charge of the court is not strictly legal when it is to the effect that if the prisoner was one of the original par-

ties in *this transaction*, though he was not personally present when the cow was driven up, but did other acts, and aided in depriving the owner of his property, he would be a principal in the first degree, and not an accessory before or after the fact, nor a principal in the second degree, and the jury could find him guilty, unless the evidence showed him guilty of receiving stolen goods. The charge seems to assume that *this transaction* was a criminal transaction amounting to larceny, and to assume, also, that if the prisoner did acts and aided in depriving the owner of his property, he did so wrongfully and fraudulently. Moreover, the phrase, "but did other acts and aided in depriving the owner of his property," will not serve to distinguish a principal in the first, from a principal in the second degree.

4. When the strong and decided weight of the evidence (all introduced by the state) is, that the cow was stolen, not by the prisoner, but by others, with or without his procurement, and brought to his premises in his absence, that he there, after the larceny was complete, received the animal, and, without removing it therefrom, took part in slaughtering it, and in removing the meat, and in appropriating it to his own use and the use of some of his confederates, his offense, under the Code, is not that of a principal felon. If he procured the larceny to be committed, he is an accessory both before and after the fact; or, if he did not procure it to be committed, and yet knew the animal to be stolen, he is guilty as accessory after the fact, or of the equivalent misdemeanor of receiving stolen goods, knowing them to be stolen.

Judgment reversed.