JOHNSON *vs.* THE STATE OF GEORGIA.

1. A count for receiving stolen goods, knowing them to be stolen, may be joined in an indictment with a count for simple larceny.
2. The verdict is sustained by sufficient evidence to convict the defendant.

Johnson *vs.* The State.

Criminal law. Indictment. New trial. Before Judge CLARK. City Court of Atlanta. March Term, 1878.

To the report contained in the opinion it is only necessary to add the following :

Eliza Johnson was arraigned on an accusation containing two counts, one for simple larceny, the other for receiving stolen goods. She was tried, convicted, and moved in arrest of judgment because of misjoinder of counts. The motion was overruled. She then moved for a new trial on the ground that the verdict was contrary to law and the evidence. It was refused, and she excepted.

GARTRELL & WRIGHT ; S. B. SPENCER, for plaintiff in error, cited as follows : On misjoinder, Code, §§4488-4489 ; 42 *Ga.*, 223-225 ; 45 *Ib.*, 569 ; 56 *Ib.*, 92 ; 46 *Ib.*, 208-210 ; 10 *Ib.*, 59 ; 11 *Ib.*, 95 ; 1 Chit. Cr. L., 254 ; Code, §§4552. On sufficiency of evidence, 58 *Ga.*, 554 ; 56 *Ib.*, 28.

HOWARD VAN EPPS, city solicitor, for the state, cited, on joinder of counts, 2 Am. Cr. L., §1903 ; 1 *Ib.*, §419 ; Hopkins' An. Penal Code, §1514.

JACKSON Justice.

But two grounds are taken in the motion for a new trial:

1. That a count for receiving stolen goods cannot be joined in the same indictment with a count for simple larceny. Both are misdemeanors—both of the same nature, and they may both be joined in the same indictment. See authorities cited by solicitor general : Am. Crim. Law, §1904, vol. 2 ; §419, vol. 1 ; Hopkins' An. Penal Code, §1514.

2. The evidence was conflicting ; but there is enough to support the verdict ; the judge who tried the case approves the finding, and our well settled rule in such cases is not to interfere. No complaint is made of the charge or rulings of the court, and the verdict is not contrary to law or to evidence.

Judgment affirmed.