## 47530.   WELLS v. THE STATE.

Deen, Judge. The defendant and another were jointly charged with burglary under an indictment alleging that they entered the dwelling house of one Rogers with intent to commit a theft and carried away certain described property of Rogers with the intention of depriving said owner of his property. Upon the trial of the case he contended that he had purchased some of the property from an unidentified person some days previously. The State's evidence was sufficient to establish a breaking and entry shortly before the defendants were apprehended nearby with the property, and ownership in Rogers. Wells appeals on the sole ground that receiving stolen goods is a lesser offense than burglary and should under the evidence have been included in the charge to the jury. *Held:*

"It is an elementary principle of criminal procedure that no person can be convicted of any offense not charged in the indictment. There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter, and also in some cases in which the lesser is not so included in the greater offense but where the language used in the indictment is sufficient to embrace the smaller offense." *Goldin v. State,* 104 Ga. 549, 550 (30 SE 749). Where one of these situations exists it is proper to

charge the lesser offense; otherwise, not. *Andrews v. State,* 196 Ga. 84 (12) (26 SE2d 263), and see *Fields v. State,* 2 Ga. App. 41, 45 (58 SE 327); *Watson v. State,* 116 Ga. 607 (3) (43 SE 32, 21 LRA (NS) 1).

The gravamen of the offense of receiving stolen goods is that the defendant purchased or obtained them from a third person, knowing at the time that they had been stolen by another. *Austin v. State,* 89 Ga. App. 866 (81 SE2d 508). This indictment charges that the defendant himself was the thief. Obviously, the single-count indictment cannot and does not include allegations of these two contrary states of fact. It has uniformly been held that burglary, larceny or robbery is an entirely separate offense from that of receiving stolen goods and that there can be no merger. *Plummer v. State,* 126 Ga. App. 482 (191 SE2d 333); People v. Smith, 26 Cal. 2d 854 (161 P2d 941); Samples v. State (Okla.), 337 P. 2d 756; United States v. Jones, 418 F2d 818; United States v. Jackson, 422 F2d 975; People v. Malamut, 16 Cal. App. 3d 237 (93 Cal. Rptr. 782). Where the evidence indicates that the defendant, although not actually committing the asportation, was a party to the crime within the meaning of *Code Ann.* § 26-802, the State may elect upon which offense to prosecute. State v. Sheeley, 63 Nev. 88 (162 P2d 96). See also *Code Ann.* § 26-505 defining included crimes. Counts setting out the two offenses have always been permitted in this State. *Johnson v. State,* 61 Ga. 212 (1). Under this indictment the defendant could not have been convicted of receiving stolen goods and it was therefore not error to fail to charge this offense.

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*
SUBMITTED SEPTEMBER 15, 1972—DECIDED SEPTEMBER 22, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton,* District Attorney, *Joel M. Feldman, Morris H. Rosenberg, Joseph J. Drolet,* for appellee.