## 53734. CLARK v. THE STATE.

SMITH, Judge.

In the Superior Court of Cobb County, Clark was convicted on two counts of burglary. He appeals his conviction on Count 1, which charged him with the March 20, 1975, burglary of Charter Oak Development Company. Because his prosecution on that count was barred by collateral estoppel, we reverse.

The evidence shows that, at about 8:30 p.m. on March 20, 1975, a lone burglar entered Charter Oak Development Company and stole, among other items, a check writing machine. On April 7, 1975, Clark was arrested in Gwinnett County, at which time he had in his possession the check writing machine. In Gwinnett County on May 16, 1975, Clark pled guilty to a charge that on April 7 he possessed the machine, "knowing said property was stolen, said property not having been retained with intent to restore it to the owner." On November 14, 1975, a Cobb County jury returned a guilty verdict against Clark on the charge that he had perpetrated the March 20 burglary of Charter Oak.

The court below erroneously overruled Clark's motion for new trial, which alleged that collateral estoppel, a principle embodied within the constitutional proscription of double jeopardy, barred the prosecution against him for the burglary of Charter Oak. In Ashe v. Swenson, 397 U. S. 436 (90 SC 1189, 25 LE2d 469), the Supreme Court decided that the doctrine of collateral estoppel was a part of the Fifth Amendment's guarantee against double jeopardy, a guarantee which that court had previously found to be applicable against the states through the Fourteenth Amendment. Benton v. Maryland, 395 U. S. 784 (89 SC 2056, 23 LE2d 707). The Supreme Court announced that collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe, supra, p. 443. The Supreme Court in Ashe went on to point out that collateral estoppel had long been an established rule of federal criminal law as well as civil law.

The essence of the crime of receiving stolen property is that the defendant, with knowledge of the facts and without intent to return it to the owner, bought or obtained property which had been stolen by some person *other than* the defendant. *Austin v. State,* 89 Ga. App. 866 (81 SE2d 508); *Wells v. State,* 127 Ga. App. 109 (192 SE2d 567). On convicting Clark of the charge that he knowingly received the stolen check writer, the Gwinnett County Superior Court necessarily determined that the Charter Oak burglary had been committed by someone *other than* Clark. The state is collaterally estopped from prosecuting Clark for the burglary and attempting to relitigate and disprove that determined fact.

Clark did not waive his plea of former jeopardy by his counsel's failure to raise it in form of a pre-trial motion. See *Phelps v. State,* 130 Ga. App. 344 (203 SE2d 320). Although Clark's counsel was informed of his client's prior convictions on other charges, he did not know until after the trial had begun that Clark had been convicted of receiving the stolen check writing machine. The fact that Clark himself did know makes no difference, as it cannot be assumed that he understood the collateral estoppel and double jeopardy ramifications of such a conviction. Moreover, counsel's lack of knowledge about the prior conviction was at least in part due to the state's failure to disclose it in response to his pre-trial motion requesting production of "any and all information known to or in the possession and control of the government which would constitute exculpatory, helpful, favorable or arguably favorable evidence." In Brady v. Maryland, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215), the Supreme Court announced that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Because of the state's failure to disclose and because the Supreme Court has restricted the application of waiver in cases involving double jeopardy and a person's constitutional right not to be hailed into court (e.g., Blackledge v. Perry, 417 U. S. 21 (94 SC 2098, 40 LE2d 628)), it cannot be said that Clark waived his double jeopardy plea.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED APRIL 4, 1977 — DECIDED OCTOBER 25, 1977 — REHEARING DENIED NOVEMBER 18, 1977 —

*Sams & Glover, A. Harris Adams,* for appellant.
*Thomas J. Charron, District Attorney, Richard L. Sloss, Assistant District Attorney,* for appellee.