## 54921. POOLE v. THE STATE.

McMurray, Judge.

This is a theft by receiving stolen property case. The state's evidence was that security officers at Belk Matthews Store in Macon Mall were alerted that a young man, later identified as defendant, had entered the store, picked up a pair of jeans, put them under his coat, and ran out of the store. Belk's security personnel proceeded to investigate this matter and finally located defendant, along with another individual, in the parking lot. Belk's security officer, along with two Macon Mall security

officers, approached the vehicle which defendant and his companion were entering. When defendant and his companion noticed the security officers they got out of the car and defendant's companion, along with defendant, began very rapidly throwing merchandise out of the trunk of the car. After the merchandise was thrown down in the parking lot the trunk of the car was closed, and defendant and his companion began to walk away from the car in different directions. Security guards apprehended defendant and his companion and recovered the merchandise which had been thrown from the trunk of the car.

Defendant was convicted and sentenced to serve five years in the penitentiary. *Held:*

1. Defendant contends that the state's evidence was insufficient to prove that the property alleged to have been received by defendant was stolen property and was stolen by someone other than the defendant. See *Johnson v. State,* 122 Ga. App. 769, 770 (2) (178 SE2d 772). The assistant manager of the Sears, Roebuck & Company store, Macon Mall, testified that he was summoned to Belk's to identify Sears' merchandise. He noted that the merchandise stolen had Sears price tags on it, which would have been removed if the merchandise had been sold, and that the merchandise was grouped together with some paper work that is used within Sears as an invoice or requisition when excess or defective merchandise is shipped back to the factory. On cross examination he stated that the merchandise had disappeared from the shipping and receiving department at Sears. This evidence, if taken as true by the jury, would prove with reasonable certainty the theft of the goods recovered from defendant. See *Causey v. State,* 139 Ga. App. 499, 500 (1) (229 SE2d 1).

In a theft by receiving stolen property case, where the principal thief is unknown, there is no burden on the state of proving that such thief was not the defendant. *Stanley v. State,* 97 Ga. App. 828, 829 (2) (104 SE2d 591).

2. The defendant contends that the state's evidence was insufficient to prove that the defendant knew or should have known that the property alleged to have been received by defendant was stolen property. Knowledge

that goods are stolen is an essential element of the crime of receiving stolen goods. It may be shown by circumstances which would excite suspicion in the mind of an ordinarily prudent man. *Parrott v. State,* 134 Ga. App. 160 (1) (214 SE2d 3). Here defendant, when approached by security officers, participated in taking the property from the trunk of the parked automobile, throwing it onto the surface of the parking lot and walked away from the car when this task was completed. This is sufficient evidence to show guilty knowledge on the part of the defendant. Under the present language of Code Ann. § 26-1806 (Ga. L. 1968, pp. 1249, 1292; 1969, pp. 857, 859) retention of stolen property which a person knows or should know is stolen without intent to restore it to the owner will sustain the conviction even where guilty knowledge at the time of the acquisition of the stolen property is not shown. *Johnson v. State,* 135 Ga. App. 768, 769 (2) (219 SE2d 25).

3. The defendant contends there is a fatal variance between the description of the stolen property in the indictment and the proof presented at trial. The indictment describes the stolen property as "one (1) two-piece dress of the value of $17.00, five (5) jacket dresses of the value of $200.00, and one (1) pantsuit of the value of $21.00, all of the total value of $398.00, and the property of Sears, Roebuck & Company." The evidence at trial was that the property consisted of "one two-piece dress valued at $17.00; there were four jacket dresses valued at $42.00 each; that was $168.00; and there was six of a different type jacket dress valued at $32.00 each, $192.00; also, there was a pants suit valued at $21.00" and that the total value of the property of Sears, Roebuck & Company was $398.

This variance is not fatal under the test established in *DePalma v. State,* 225 Ga. 465, 469 (3) (169 SE2d 801), for determining whether or not a variance between the allegata and probata is so material that it is fatal. See Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314); *Smith v. State,* 142 Ga. App. 1, 2 (1) (234 SE2d 816).

4. Defendant's third enumeration of error contended the court erred in admitting certain hearsay testimony. No objection was made at the trial and this issue may not be raised for the first time on appeal. *Tukes v. State,* 238

Ga. 114 (2) (230 SE2d 841); *Billings v. State,* 139 Ga. App. 95, 96 (1) (227 SE2d 892).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 1, 1977 — DECIDED DECEMBER 1, 1977.

*Hubert E. Hamilton, III,* for appellant.

*Walker P. Johnson, Jr., District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.