## 57009. LEDFORD v. THE STATE.

DEEN, Presiding Judge.

This is an appeal from a conviction for theft by receiving stolen goods, a pump gun and a 12-gauge shotgun. The owner testified that the guns vanished from his Union County residence during a 30-minute period while he went to the store. The purchaser of the weapons swore that he bought them for $70 (less than one half the market price, according to various estimates), that he asked the defendant at the time if they were stolen and the defendant said no, they came out of Hart County. An arresting officer testified that when questioned the defendant stated he was at his car when his wife and sister went "in and toward" the home of the owner and came back with the guns. The court rendered a maximum sentence of ten years.

1. The defendant contends that he was entitled to a directed verdict of acquittal on the ground that nothing, either directly or circumstantially, indicates that he knew the guns were stolen. But the evidence is uncontroverted that the guns were stolen, that the

defendant was waiting in a car when they were taken, that he said they were taken by his wife and sister (neither of whom testified), that they were then placed in his possession and sold by him and the purchase price paid to him, that he lied about how he had acquired possession of them, and that in view of the confidential relations obtaining between husband and wife, as well as his presence at the scene, that he was or should have been put on inquiry if his own activities were not illegal. "Unexplained possession of recently stolen goods can be used in conjunction with other evidence to infer guilty knowledge." *Curry v. State,* 144 Ga. App. 129 (240 SE2d 280) (1977). Under all the circumstances the question of the defendant's guilt was for the jury.

2. Complaint is also made that state counsel was allowed to ask questions such as "Did you give Mr. Ledford or anyone else permission to take the guns?" on the ground that this inferred the defendant was the principal thief. "In a theft by receiving stolen property case, where the principal thief is unknown, there is no burden on the state of proving that such thief was not the defendant." *Poole v. State,* 144 Ga. App. 228 (240 SE2d 775) (1977). Nor did the question carry the inference that he *was* the thief. In other words, the question was not weighted in either direction and was entirely proper.

3. The three remaining enumerations are directed to events occurring at the sentencing hearing. Code Ann. § 27-2503(a) specifies that "only such evidence in aggravation as the state has made known to the defendant prior to his trial shall be admissible." In *Herring v. State,* 238 Ga. 288 (232 SE2d 826) decided January 28, 1977, it was held that, where defense counsel objected at the sentencing hearing that no record of prior convictions on which the state relied had been tendered him before the trial, but counsel admitted that the defendant had been represented by counsel in the prior trials and that the prior convictions were valid, and where he was offered as much time as he wanted to go into the prior convictions, and where he then proceeded without further objection, the error was harmless. However, in *Hewell v. State,* 238 Ga. 578 (2) (234 SE2d 497) decided April 5, 1977, it was held that although proper notice of

intention to use a prior record of convictions had been tendered to defense counsel before the first trial, where the conviction was overturned and another trial had without repeating the notice of intention to use the record at that particular sentencing hearing reversible error had been committed.

In the present case the defendant first pleaded guilty, the case was turned over to a probation officer to make an investigation and report, which he did and which included prior convictions, mostly furnished to him by the defendant himself, and where the defendant then was allowed to withdraw his guilty plea and was tried and convicted, and defense counsel then objected at the sentencing hearing that he had not been notified of the defendant's prior record, the trial judge followed *Herring,* supra, and held that counsel might have such time as he wished to investigate the legality of the list of prior convictions sought to be introduced. Counsel renewed his former objection based on lack of notice *prior to trial,* which was overruled by the judge, and also on the grounds that the court should not have considered the probation officer's pre-sentence report, and should not have received evidence of an illegal prior conviction.

We need not face the Hobson's choice of electing whether to follow the decision in *Herring* or *Hewell,* however, because it appears that of the convictions listed in the pre-sentence report one at least is illegal. A prior misdemeanor conviction where the defendant was not represented by counsel must be excluded. *Dent v. State,* 136 Ga. App. 366, 369 (221 SE2d 228) (1975). Where this is not done a new sentencing hearing must be conducted. *Clark v. State,* 138 Ga. App. 266 (5) (226 SE2d 89) (1976). The defendant here was given the maximum sentence of ten years for the theft of the two guns based in part on his prior criminal record which included a misdemeanor conviction at which it does not appear that he was represented by counsel or that he waived counsel.

The sentence must accordingly be set aside and the case remanded for a further hearing on this phase of the proceedings.

*Judgment on the conviction affirmed. Reversed and remanded as to the sentence with instructions.*

*McMurray and Shulman, JJ., concur.*

SUBMITTED JANUARY 8, 1979 — DECIDED JANUARY 29, 1979.

*Hugh W. Stone,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.