### 34839. OGLESBY v. THE STATE.

NICHOLS, Chief Justice.

William Herbert "Billy" Oglesby was indicted for two counts of murder, three counts of kidnapping, and one count each of burglary, armed robbery and motor vehicle theft. The jury convicted him of the murder of Allen Dale "George" Giles, of voluntary manslaughter in the death of Lola Bell Johnson, of three counts of kidnapping, and of one count each of burglary, armed robbery and motor vehicle theft. He was given life imprisonment, six 20-year sentences and one seven-year sentence, some of these sentences to run concurrently and others to run consecutively.

Evidence was admitted authorizing the jury to find the following: Oglesby and his wife had separated after he had beaten her and her infant son. She and the baby went to live with her mother, Lola Bell Johnson. On the afternoon of the occurrence, Oglesby went to his mother-in-law's house, armed with a shotgun, for the avowed purpose of seeing the baby. Mrs. Johnson heard the dog barking and went to the porch with a .22 pistol in her hand. The evidence was in conflict as to who shot first, but when Mrs. Johnson stepped back into the house, her hand was bleeding. Oglesby came into the house shooting. Mrs. Johnson was shooting back at him. Mrs. Johnson was hit by three shotgun blasts. Oglesby was not hit by any of the .22 caliber bullets fired by Mrs. Johnson. Oglesby forced his wife to have intercourse with him then forced

her to wait until her sister and brother came home from school. He then made all three wait for Allen Dale "George" Giles, who also lived there. When Giles arrived, Oglesby shot at him through a window but missed. Oglesby then ran to the back porch and shot Giles three or four times with the shotgun. Oglesby placed Giles' body in the house, took his car keys, took money and food stamps from Mrs. Johnson's pocketbook, took Mrs. Johnson's pistol, and forced his wife and the two children to ride to South Carolina with him in Giles' motor vehicle. He was apprehended in South Carolina when he attempted to sell the vehicle.

1. Oglesby first contends that the court erred in charging the law of confessions as he contends that his statement was exculpatory and tended to show justification. *O'Neal v. State,* 213 Ga. 232 (98 SE2d 376) (1957). There is no merit in the first enumeration of error. The trial court charged the law of confessions in the exact language requested by Oglesby. "[E]rror may not be enumerated upon the giving of a charge requested by defendant's counsel." *Patterson v. State,* 233 Ga. 724, 731 (213 SE2d 612) (1975).

2. The second enumeration of error contends that the trial court erred in sentencing him for both voluntary manslaughter and burglary. He relies upon Code Ann. § 26-506 (a) (1), arguing that since the indictment for burglary charged that he entered "without authority and with intent to commit a felony, to-wit: the murder of Lola Bell Johnson . . . ," the proof of the one offense establishes the other.

A similar argument was made but rejected in *Pryor v. State,* 238 Ga. 698 (2A) (234 SE2d 918) (1977).

The burglary statute prohibits specific types of entry onto the property of another without authority and with intent to commit therein a theft or felony. Code Ann. § 26-1601. Voluntary manslaughter, on the other hand, does not involve any entry, can be committed anywhere, and involves the killing of a human being. Code Ann. § 26-1102. Accordingly, neither of these offenses is included within the other within the meaning of Code Ann. § 26-506 (a) (1). *Thomas v. State,* 237 Ga. 690 (229 SE2d 458) (1976); *Moore v. State,* 140 Ga. App. 824, 826 (232

SE2d 264) (1976). The second enumeration of error is without merit.

3. Oglesby makes assertions in his third enumeration of error based upon the kindred, yet distinct, principles of fatal variance between allegations and proof and inconsistency of verdicts.

There was no variance between the state's allegation that Oglesby committed burglary by entering the dwelling house of Lola Bell Johnson with intent to murder her and the state's proof in support of this allegation. Direct and circumstantial evidence was introduced by the state from which the jury would have been authorized to find the existence of each fact necessary to sustain a conviction of burglary as charged under Count 1. Oglesby's contention that there was a variance between the state's allegations and proof because the jury convicted him under Count 2 of manslaughter in the death of Lola Bell Johnson, rather than of her murder as alleged in Count 2, misses the point that the fatal variance doctrine merely is concerned with proof introduced in support of allegations and is not concerned with the findings the jury may make after having heard the evidence. *DePalma v. State,* 225 Ga. 465 (3) (169 SE2d 801) (1969). Furthermore, a variance is not "fatal" if the defendant has been definitely informed by the indictment as to the charges against him so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at trial, and so that he may be protected against another prosecution for the same offense. *DePalma v. State,* supra; *Seabolt v. State,* 234 Ga. 356 (216 SE2d 110) (1975); *Dobbs v. State,* 235 Ga. 800 (3) (221 SE2d 576) (1976); *Byers v. State,* 236 Ga. 599 (1) (225 SE2d 26) (1976); *Hamby v. State,* 237 Ga. 373 (228 SE2d 787) (1976); *Peek v. State,* 239 Ga. 422, 426 (3) (238 SE2d 12) (1977); and *Walker v. State,* 146 Ga. App. 237 (246 SE2d 206) (1978). Oglesby was not subjected to either of those dangers.

He next asserts that the verdicts under Counts 1 and 2 are inconsistent or repugnant in that his conviction under Count 2 for manslaughter is an implied acquittal of the murder charge under Count 2 which, in turn, "conclusively negates the manner in

which the burglary alleged in count one was committed." Count 1 alleged that he had committed burglary by entering the dwelling house of Lola Bell Johnson with intent to murder her. The test for repugnancy or inconsistency of verdicts has been stated thus: "The determinative factor in such cases is whether the acquittal of one charge *necessarily includes* a finding against a fact that is essential to conviction of the other charge. If so, the evidence is then insufficient to support the verdict of guilty in the convicted charge." (Emphasis supplied.) *Conroy v. State,* 231 Ga. 472, 475 (202 SE2d 398) (1973); *Woods v. State,* 240 Ga. 265, 269 (b) (239 SE2d 786) (1977); *Evans v. State,* 138 Ga. App. 620, 621 (1) (227 SE2d 448) (1976).

This court disagrees with Oglesby's contentions that the jury necessarily found that he entered the dwelling of Lola Bell Johnson without the malice necessary for a conviction for malice murder. The jury just as well could have decided to exercise its inherent pardoning power by reducing the offense from murder to voluntary manslaughter. There is no merit in the third enumeration of error.

4. The fourth enumeration of error complains that only part, rather than all, of Agent Butler's testimony was played back for the jury upon the jury's request. The jury foreman stated that the jury wanted to hear Oglesby's testimony or deposition. The court informed him that there was no deposition, but that a statement was read into the record by GBI Agent Butler. The foreman replied, "This is the thing we have reference to." The court then asked if the jury wanted to hear the entire testimony of Agent Butler. The foreman replied, "Mr. Oglesby's statement, I think would suffice."

Oglesby argues that it seems to be obvious that the jury completely and totally misunderstood the replayed testimony and that the jury proceeded under the assumption that the statement was, in fact, the deposition or testimony of Billy Oglesby.

The jury foreman, a layman, was groping with legal terminology in his attempt to describe to the court what the jury wanted to hear. It is apparent that after the trial court's explanation, the foreman understood that the jury

was going to hear Agent Butler's reading of Oglesby's statement. There is no merit in this enumeration of error. *Byrd v. State,* 237 Ga. 781 (1) (229 SE2d 631) (1976).

5. The fifth and sixth enumerations of error contend, respectively, that the trial court erred by failing to direct a verdict for Oglesby on the armed robbery count of the indictment, and by charging on the law of armed robbery. Oglesby contends that the taking of the victim's property (money, food stamps and pistol) did not occur until after the victim either was comatose or dead. Therefore, he urges, the state failed to prove armed robbery.

A similar contention was made in *Moore v. State,* 233 Ga. 861 (213 SE2d 829) (1975), where this court held in Division 2(b): "Without the force used by appellant here, the taking . . . could not have been accomplished. That . . . [the victim] died from the force used either immediately, or subsequently to the taking, does not make the offense any less a robbery." [Matter in brackets added.] See *Corn v. State,* 240 Ga. 130 (5) (240 SE2d 694) (1977). There is no merit in these enumerations of error.

6. The eighth, ninth and tenth enumerations of error complain of the admission of photographs of the two victims and of the scene of the shooting.

"Georgia law is abundantly clear that a photograph which is relevant and material to the issues in the case is not excludable on the ground that it that it would inflame the minds of the jurors to see it. E.g., *Moore v. State,* 240 Ga. 807, 816 (243 SE2d 1) (1978); *Johnson v. State,* 239 Ga. 324, 325 (236 SE2d 661) (1977); *Beasley v. State,* 239 Ga. 49 (235 SE2d 520) (1977); *Bryan v. State,* 206 Ga. 73, 74-75 (55 SE2d 574) (1949), cert. den. 339 U. S. 904 (1950)." *Stevens v. State,* 242 Ga. 34, 38 (247 SE2d 838) (1978). There is no merit in these enumerations of error.

7. Oglesby's final enumeration of error contends that the stolen motor vehicle was not properly identified. The indictment described the vehicle as: "One (1) 1973 Ford Ranchero, Serial No. 3A47S124685, the property of ALLEN DALE GILES." The detective who testified on this issue did not check the serial number himself and identified the vehicle as bearing serial number F3A47S124685. However, the kidnap victims testified that they saw Giles drive up in the truck. They testified

that they were forced into the truck by Oglesby after Oglesby took the keys from Giles' body. This evidence is sufficient to support the charge of motor vehicle theft. *Bain v. State,* 144 Ga. App. 470 (241 SE2d 586) (1978). There is no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 27, 1979 — DECIDED MAY 30, 1979.

*Charles B. Merrill, Jr.,* for appellant.

*H. R. Thompson, District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.

