## 57341. DYER v. THE STATE.

UNDERWOOD, Judge.

Appellant, Dyer, was convicted of theft by receiving stolen property. On appeal he enumerated nine errors by the trial court. In Enumeration 3, he contends that the trial court erred because the verdict is contrary to law and principles of justice and equity. A review of the record shows that at the trial the state proceeded to establish the elements of the crime of *theft by taking* as defined in Code Ann. § 26-1802 rather than theft by receiving stolen property as defined in Code Ann. § 26-1806. We find this to be a fatal variance between the allegata and probata and must reverse and remand for action consistent with

this opinion.

Dyer and two companions were on a public road attempting to start a car when they were observed by an individual who recognized the car as fitting the description of one reportedly used to sell items previously stolen from him. The police were notified and asked Dyer and his companions to drive to the police station. The owner of the car consented to a search of the trunk which disclosed several items reported to have been stolen from Alabama. An accomplice, Roan, testified at the trial that he had accompanied Dyer and another man to Lake Lahusage, Alabama and that they had broken into two different cabins and stolen the items found in the trunk of their car when it was searched.

The essence of the crime of theft by receiving stolen property is that "the defendant, with knowledge of the facts and without intent to return it to the owner, bought or obtained property which had been stolen by some person *other than* the defendant." *Clark v. State,* 144 Ga. App. 69, 70 (240 SE2d 270) (1977); *Wells v. State,* 127 Ga. App. 109 (192 SE2d 567) (1972). This is consistent with Code Ann. § 26-1806, which provides, in subsection (b): "In any prosecution under this section [theft by receiving] it shall not be necessary to show a conviction of the principal thief." This statutory language implies that someone other than the accused person actually committed the taking of the property. "It has uniformly been held that burglary, larceny or robbery is an entirely separate offense from that of receiving stolen goods and that there can be no merger." *Wells State,* supra, p. 110.

The United States Supreme Court has established criteria to be used in determining whether or not a variance between the allegations of a crime and the proof thereof is so material that it is fatal. That court has held that "the general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314).

The Georgia Supreme Court and this court have adopted these standards. *DePalma v. State,* 225 Ga. 465 (169 SE2d 801) (1969); *Ingram v. State,* 137 Ga. App. 412 (224 SE2d 527) (1967).

The instant case does not meet these criteria. Conviction of theft by receiving stolen property in Summerville, Georgia would not prevent Dyer from being prosecuted for theft by taking at Lake Lahusage, Alabama. Accordingly, the variance is fatal.

*Judgment reversed. Banke, Acting P. J., and Carley, J., concur.*

SUBMITTED MARCH 5, 1979 — DECIDED JUNE 28, 1979 — REHEARING DENIED JULY 16, 1979.

*Farrar & Farrar, Archibald A. Farrar, Jr.,* for appellant.

*William M. Campbell, District Attorney, James A. Meaney, III, Assistant District Attorney,* for appellee.