## 58749. JONES v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted and tried for the offense of theft by taking. The indictment alleges that the property taken by the defendant was 16 shirts, all of which were Jantzen brand.

At the close of the state's evidence the defendant moved for a directed verdict on the grounds that the merchandise alleged in the indictment as being the merchandise taken had not been proven as having been taken. This motion was denied. The jury then returned a

verdict of guilty and defendant was sentenced to serve a term of 10 years; "5 years to serve; remaining 5 years probated."

The question of the variance between the allegata and probata was again raised in defendant's motion for new trial which was denied. Defendant appeals. *Held:*

The Security Manager for the Rich's store at Cumberland Mall in Cobb County testified that on May 29, 1978, he noticed that the appearance and conduct of defendant and a taller companion were suspicious. The Security Manager followed defendant and his companion to Johnny Walker's, another store in the Mall, where he observed the two taking shirts from a rack and placing them in a case which they were carrying. The Security Manager followed the pair away from Johnny Walker's, and after losing sight of them for a brief time, saw the pair exit the Mall through a service door with defendant carrying the case in which the shirts had been placed. At this time the defendant and his companion noticed the Security Manager and began to run in different directions. The Security Manager chased the defendant who dropped the case containing the shirts in the Mall parking lot. The chase continued across a nearby Interstate Highway, and defendant was eventually apprehended by the Security Manager. Defendant was returned to the Rich's security office where he was turned over to the Cobb County Sheriff's Department. The case containing the shirts was then inventoried. The inventory by the Rich's Security Manager indicates that all the shirts were of the Jantzen brand. The shirts were photographed and later returned to the Johnny Walker's store.

On cross examination the manager of the Johnny Walker's store testified that the shirts in the photograph taken by the Rich's Security Manager were manufactured by Jantzen and Robert Bruce. He stated that he could recognize the Jantzen shirts by the "J" on the tickets but that where he did not see the "J" he could not positively identify the shirts as having been made by Jantzen as they could have been made by Robert Bruce.

Applying the test established in *DePalma v. State,* 225 Ga. 465, 469-470 (3) (169 SE2d 801), we find that the

variance between the allegata and probata present in the case sub judice is not so material as to be fatal. The defendant was clearly informed as to the charges against him and the variance in question here did not prevent the defendant from preparing his defense or result in surprise by the evidence offered at the trial. Furthermore, the variance creates no danger that the defendant may again be prosecuted for the same offense. The trial court did not err in denying defendant's motion for directed verdict of acquittal or in denying defendant's motion for new trial on this ground. *Poole v. State,* 144 Ga. App. 228, 230 (3) (240 SE2d 775); *Smith v. State,* 142 Ga. App. 1, 2 (1) (234 SE2d 816); Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED OCTOBER 16, 1979 — DECIDED OCTOBER 31, 1979.

*Nicholas I. Pennington,* for appellant.
*Thomas J. Charron, District Attorney, James T. Martin, Assistant District Attorney,* for appellee.