## 59137. DUKE v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of theft by receiving stolen property, claiming only that the evidence failed to establish theft by receiving, but at most theft by taking, with which he was not charged. *Held:*

The evidence showed that a tavern had been broken into and cases of beer stolen. Defendant's automobile was found parked behind the tavern with the stolen beer in it. Defendant had been in the tavern several times earlier in the same evening. A policeman driving to the scene after the discovery of the crime observed a person closely resembling defendant leave the area and run up the street. A broken window in the tavern had a white chalky substance on the sill and so did defendant's pants when he was later apprehended. Defendant denied commission of the offense and raised an alibi defense.

Defendant contends that he cannot be convicted of receiving stolen property where theft by taking the same property is established, citing *Dyer v. State,* 150 Ga. App. 760 (258 SE2d 620). In that case the state proved conclusively by direct evidence from an accomplice that

Dyer committed theft by taking of the property although he was charged and convicted of theft by receiving the same property. The conviction was reversed on a fatal variance between the allegations and the proof because the property allegedly received must be stolen by someone other than the defendant.

The facts in the instant case are distinguishable from those in *Dyer v. State,* 150 Ga. App. 760, supra, as the state did not produce conclusive evidence, as in *Dyer,* that defendant committed theft by taking, but circumstantial evidence from which guilt of either theft by taking or receiving could be inferred.

" 'In a theft by receiving stolen property case, where the principal thief is unknown, there is no burden on the state of proving that such thief was not the defendant.' [Cit.]" *Ledford v. State,* 148 Ga. App. 819, 820 (253 SE2d 239).

*Callahan v. State,* 148 Ga. App. 555 (251 SE2d 790) is more apt under the circumstances of this case. There, the defendant was charged with both theft by taking and theft by receiving of the same property and convicted of both crimes on circumstantial evidence. In reversing the theft by taking conviction and affirming that of theft by receiving the court said: "Since the proof of recent unexplained possession was sufficient in itself to prove theft by taking but was only one element necessary to prove theft by receiving, theft by taking must be considered an included offense in theft by receiving in this case as a matter of fact. See generally Code Ann. § 26-505 (a).

" 'When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other . . .' Code Ann. § 26-506 (a)" Id. at 557.

Accordingly, we find defendant's contention has no merit. We also find the evidence sufficient to authorize a rational jury to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

Submitted January 8, 1980 — Decided January 29, 1980.

Robert J. Evans, for appellant.

F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney, for appellee.