## 59801. SOSBEE v. THE STATE.

BIRDSONG, Judge.

Included offenses. Appellant Sosbee was brought before the trial court on a petition for probation revocation which alleged that he "committed the offense of theft by taking on July 26, 1979 in Clarke County, Georgia." The trial court, after full hearing, did revoke appellant's probation, but upon the basis that appellant had committed the "lesser included offense of theft by disposing." The trial court was apparently unable to find that Sosbee had participated in the theft of the shotgun in question but did find that he disposed of it. At trial appellant excepted to the finding of a different or lesser included offense than what was charged and, on appeal, urges that "theft by disposing" is not a lesser included offense of theft by taking, and that it was error to revoke appellant's revocation on proof of an offense not alleged in the petition. *Held:*

Appellant and two other persons were in the home of a Mr. Joe Brown for a period of time. After the visitors to Brown's house left, Brown's son noticed a Browning automatic shotgun missing.

Appellant and another person sold the Browning automatic shotgun to one Whitehead for $40.00. After arrest and being advised of his Miranda rights, appellant made a statement to the police that he did not know it was stolen, and the only thing he got out of it was $5.00 to buy a bottle of liquor.

We think this evidence is ample to support a finding that appellant committed the offense of theft by taking, inasmuch as it is settled law that recent unexplained possession supports an inference of theft (*Byrd v. Hopper,* 234 Ga. 248 (215 SE2d 251)), and inasmuch as the other facts would also support a finding of theft. Revocation of probation does not require proof sufficient to sustain a criminal conviction beyond a reasonable doubt. *Johnson v. State,* 142 Ga. App. 124, 125 (235 SE2d 550), affirmed 240 Ga. 526 (242 SE2d 53). The revocation under these facts for the commission of theft by taking would have been proper; but, although ordinarily a judgment right for any reason must be affirmed, where it is apparent that the court rests its judgment on reasons which are erroneous or upon an erroneous legal theory, it commits reversible error. *Smith v. Helms,* 140 Ga. App. 267, 269 (231 SE2d 778). The question is thus whether the trial court erred in ruling that "theft by disposing" is a lesser included offense of theft by taking, for if it is not, then the revocation cannot stand because the revocation is not made on the ground stated in the petition. *Radcliff v. State,* 134 Ga. App. 244, 245 (214 SE2d 179); *Dingler v. State,* 101 Ga. App. 312 (113 SE2d 496); and see *George v. State,* 99 Ga. App. 892 (109 SE2d 883).

We presume that by "theft by disposing" the trial court intended to find "theft by receiving" (Code Ann. § 26-1806). Theft by receiving is not a lesser included offense of theft by taking. They are two completely different crimes, having different elements, and are, in fact, so mutually exclusive that the thief and the receiver cannot even be accomplices. *Plummer v. State,* 126 Ga. App. 482, 483 (191 SE2d 333). Nothing that is said in *Callahan v. State,* 148 Ga. 555, 556-557 (251 SE2d 790) directly contradicts this principle, and if inferentially it did, we would be inclined to disapprove it. The offense of theft by receiving is intended to catch the person who buys or receives stolen goods, as distinct from the principal thief. Evidence shows either that a defendant stole goods or that he received stolen goods with scienter of the theft: See *Reidling v. State,* 127 Ga. App. 93 (192 SE2d 531). He does not, under any circumstances we can think of, commit both crimes at once. If he is in recent unexplained possession or disposition, that is sufficient to raise an inference of theft, and so it is not necessary or advised to find that the same possession constitutes theft by receiving. But if it is clear that he acquired possession or control of the goods from another when he knew, or should have known, they were stolen, then he is guilty of theft by receiving and not of theft by taking. Code § 26-1802. There is no need or basis to mix the two offenses, and it is error to include them in each other. Judgment in this case, being based on an offense not charged in the petition for revocation, is hereby reversed.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED APRIL 8, 1980 — DECIDED JULY 7, 1980.

*Vicki C. Affleck, Jack H. Affleck, Jr., Curtis W. Miller,* for appellant.

*Harry N. Gordon, District Attorney,* for appellee.