## 64466. ADAMS v. THE STATE.

CARLEY, Judge.

Appellant, Ronald ("Danny Boy") Adams, appeals his conviction for armed robbery.

1. Appellant enumerates as error the overruling of his motion for directed verdict of acquittal and his motion for new trial on grounds of insufficiency of the evidence. The state presented the testimony of Mrs. Faye Drain, the proprietor of a package store, that on April 7, 1981 two black men entered her store and each purchased a beer. Two other black men were sitting outside in a car by the gas pump. Mrs. Drain's husband was lying down on a couch in the back of the store out of sight. About a minute and a half after the two men left, they returned to purchase more beer and were accompanied by one of the men from the car. The third man stood by the cash register while the other two went to the cooler and brought back the beer to pay for it. The third man then "pulled" a gun and told Mrs. Drain to "hit the floor." Mrs Drain screamed for her husband, and when he awakened and answered, all the robbers ran out. The man with the gun got the money out of the cash register and was the last one out. The fourth man was waiting outside in the car with the motor running, and when the other men jumped in "they spun out." Mrs. Drain immediately reported the robbery to the police and gave them a description of the men, the car and the license tag number. Investigators traced ownership of the car to a David Williams, who was arrested. Williams gave the officers a statement implicating in the crime appellant and two other named men. Mrs. Drain stated that appellant was not the man who held the gun on her and could not identify him as one of the perpetrators.

Rodney Fife testified that he was the driver of the car used in the robbery. He entered a plea of guilty to theft by receiving stolen property. He swore that appellant and another man entered the store first, came back out with a beer, and then re-entered with David Williams. When the three of them came back out, "Danny Boy [appellant] had some money in his pocket, and David [Williams] was telling me to take off . . ." Fife also stated that appellant gave him $20.00 on the way home.

The arresting officer testified that appellant told him that, while he was in the store buying beer, David Williams pulled a gun on Mrs. Drain and made her lie on the floor. Mrs. Drain then started screaming and everyone ran to the car and the driver took off. When appellant got in the back seat, he found money all over the floor and divided it with the others. His share was $34.00. Appellant took the stand at trial and swore that everyone was supposed to get $30.00 but

he secretly picked up four more one dollar bills in the car. He testified that he was just riding around with the other men and did not know they had a gun. He gave Rodney Fife $20.00 to buy gas. The rest of the money was taken to appellant's house where it was counted out in stacks and divided among the four.

"A trial court must grant a motion for directed verdict [of acquittal] unless, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979)." *Lee v. State,* 247 Ga. 411, 412 (6) (276 SE2d 590) (1981). That appellant was a party to the crime was shown by evidence sufficient to support the verdict, as well as the denial of his motion for new trial. *Smith v. State,* 160 Ga. App. 574 (1) (287 SE2d 622) (1981). "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, ' "presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." ' [Cit.]" *Kimbro v. State,* 152 Ga. App. 893, 894 (264 SE2d 327) (1980); *Slack v. State,* 159 Ga. App. 185 (3) (283 SE2d 64) (1981).

2. Appellant contends that the trial court erred in refusing to give a requested charge on the law of theft by receiving stolen property (Code Ann. § 26-1806) because the evidence would have supported a finding that he was guilty of this crime as a lesser included offense.

" 'It is an elementary principle of criminal procedure that no person can be convicted of any offense not charged in the indictment. There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter, and also in some cases in which the lesser is not so included in the greater offense but where the language used in the indictment is sufficient to embrace the smaller offense.' [Cit.] Where one of these situations exists it is proper to charge the lesser offense; otherwise, not. [Cits.] The gravamen of the offense of receiving stolen [property] is that the defendant purchased or obtained [it] from a third person, knowing at the time that [it] had been stolen by another. [Cit.] This indictment charges that the defendant himself was the thief. Obviously, the single-count indictment cannot and does not include allegations of these two contrary states of fact. It has uniformly been held that burglary, larceny or robbery is an entirely separate offense from that of receiving stolen [property] and that there can be no merger. [Cits.] Where the evidence indicates that the defendant, although not actually committing the asportation, was a party to the crime within the meaning of Code Ann. § 26-802, the

State may elect upon which offense to prosecute. [Cit.] See also Code Ann. § 26-505 defining included crimes. Counts setting out the two offenses have always been permitted in this State. *Johnson v. State,* 61 Ga. 212 (1). Under this indictment the defendant could not have been convicted of receiving stolen [property] and it was therefore not error to fail to charge this offense." *Wells v. State,* 127 Ga. App. 109, 110 (192 SE2d 567) (1972); *Dyer v. State,* 150 Ga. App. 760 (258 SE2d 620) (1979). See also *State v. Bolton,* 144 Ga. App. 797 (2) (242 SE2d 378) (1978); *Clark v. State,* 144 Ga. App. 69 (240 SE2d 270) (1977); *Woodall v. State,* 235 Ga. 525, 533 (221 SE2d 794) (1975); *Breland v. Smith,* 247 Ga. 690, 692 (279 SE2d 204) (1981).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 4, 1982.

*William H. Newton III,* for appellant.

*F. Larry Salmon, District Attorney, Stephen F. Lanier, Assistant District Attorney,* for appellee.