## A89A0296. REDDING v. THE STATE.
(384 SE2d 910)

CARLEY, Chief Judge.

Appellant was indicted for theft by receiving, in that he "did retain stolen property, to-wit: One (1) 1978 Chevrolet Nova . . . which he knew and should have known was stolen; said property not having been retained with intent to restore it to the owner. . . ." Having been tried before a jury and found guilty, he appeals from the judgment of conviction and sentence that were entered by the trial court on the jury's guilty verdict.

1. Appellant enumerates only the general grounds. His sole contention is that there was insufficient evidence to authorize a finding that he possessed the automobile with the requisite guilty knowledge that it was stolen. We find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof beyond a reasonable doubt that appellant had the requisite guilty knowledge and that he was, therefore, guilty beyond a reasonable doubt of theft by receiving stolen property. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In support of his enumeration of the general grounds, appellant neither cites *Dyer v. State*, 150 Ga. App. 760 (258 SE2d 620) (1979) nor otherwise urges that a fatal variance exists because the State's evidence showed his commission of theft by taking rather than theft by receiving. Nevertheless, we are compelled to address this issue because the dissent has chosen to raise it.

In the instant case, appellant brought out on the cross-examination of the victim's girl friend that she did not see anyone take the car keys. On redirect, the State then elicited her testimony that she had, however, seen appellant leave the victim's bedroom and then get into the victim's car. Until two days before trial, she told no one, not even the victim or the police, what she had seen. Moreover, she never actually saw appellant drive away. Accordingly, there was no uncontradicted evidence which demanded a finding that appellant was the thief. "The facts in the instant case are[, therefore,] distinguishable from those in *Dyer v. State*, . . . , supra, as the [S]tate did not produce conclusive evidence, as in *Dyer*, that [appellant] committed theft by taking . . . [G]uilt of either theft by taking or receiving could be inferred. ' "In a theft by receiving stolen property case, where the principal thief is unknown, there is no burden on the [S]tate of proving that such thief was not the defendant." [Cit.]' [Cit.]" *Duke v. State*, 153 Ga. App. 204, 205 (264 SE2d 721) (1980). See also *Poole v.*

*State*, 144 Ga. App. 228, 229 (1) (240 SE2d 775) (1977) (eyewitness testimony that defendant was the thief). "[T]he jury would have been authorized to find the existence of each fact necessary to sustain a conviction of [theft by receiving]. . . . [Any] contention that there was a variance between the [S]tate's allegations and proof . . . misses the point that the fatal variance doctrine merely is concerned with proof introduced in support of allegations and is not concerned with the findings the jury may make after having heard the evidence. [Cit.]" *Oglesby v. State*, 243 Ga. 690, 692 (3) (256 SE2d 371) (1979).

Moreover, even if there were a variance, it would not be so material as to be fatal. The crimes of theft by taking and theft by receiving are mutually exclusive. *Sosbee v. State*, 155 Ga. App. 196, 197 (270 SE2d 367) (1980). "On convicting [appellant] of the charge that he knowingly received the stolen [automobile], the [jury] necessarily determined that the [taking] had been committed by someone *other than* [appellant]. The [S]tate [would be] collaterally estopped from prosecuting [appellant] for [theft by taking] and attempting to relitigate and disprove that determined fact." (Emphasis in original.) *Clark v. State*, 144 Ga. App. 69, 70 (240 SE2d 270) (1977). Accordingly, in holding that a conviction of theft by receiving would not bar a subsequent prosecution for theft by taking, *Dyer v. State*, supra at 162, is incorrect and it is hereby overruled.

*Judgment affirmed. Banke, P. J., Birdsong, Pope and Benham, JJ., concur. Deen, P. J., McMurray, P. J., Sognier, and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

The evidence showed that victim Davis lived in an Atlanta rooming house with his girl friend. On August 8 there was a barbecue at the house, with all residents and others invited. Davis attended and then went into his room and fell asleep, leaving his car keys on the television. When he awoke the next morning the keys and car were missing, and he reported it.

On August 21 an officer patrolling in Decatur about midnight saw a car parked in an access road behind some apartments. He ran the tag and discovered it was Davis' car. He hid and watched the car for about three hours when a man came and moved the car to a parking place. The officer approached and found the defendant lying down in the seat of the car. He found the keys on the right front floorboard.

The victim's girl friend also testified. She knew defendant and saw him at the barbecue. She preceded Davis to bed. When she awakened during the night she saw defendant leaving the room she shared with Davis. She followed and watched defendant leave through a rear window and get into Davis' car. She returned to bed without telling her boyfriend of the incident and was not surprised when he told her

the following morning the car was gone. Three days later, she overheard defendant talking to someone at the rooming house and bragging about having Davis' car. She did not tell Davis this right away and did not report to the police about her seeing defendant or about his bragging. She told the district attorney shortly before trial. The evidence regarding her seeing defendant leave the night of the theft was introduced only in rebuttal after the witness' negative reply to the question on cross-examination: "Did you actually see anybody take any keys?"

Defendant filed a motion for new trial raising the general grounds. *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988); *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988). He complains of its denial, contending that the evidence was legally insufficient in that there was no proof that his possession was with the requisite knowledge. Although there was ample proof of guilty knowledge, the evidence was nevertheless "insufficient" in another respect.

OCGA § 16-8-7 states that a "person commits the offense of theft by receiving stolen property when he . . . retains stolen property which he knows or should know was stolen . . . unless the property is . . . retained with intent to restore it to the owner."

"The essence of the crime of receiving stolen property is that the defendant, with knowledge of the facts and without intent to return it to the owner, [retained] . . . property which had been stolen by some person *other than* the defendant. *Austin v. State*, 89 Ga. App. 866 (81 SE2d 508); *Wells v. State*, 127 Ga. App. 109 (192 SE2d 567)." *Clark v. State*, 144 Ga. App. 69, 70 (240 SE2d 270) (1977); *Sosbee v. State*, 155 Ga. App. 196, 197 (270 SE2d 367) (1980).

Theft by receiving and theft by taking are two separate crimes. *Adams v. State*, 164 Ga. App. 295 (297 SE2d 77) (1982). Theft by receiving is not a lesser included offense of theft by taking. *Adams*, supra; *Sosbee*, supra; *Wells*, supra; *Plummer v. State*, 126 Ga. App. 482 (191 SE2d 333) (1972).

I am guided by the principles applied in *Dyer v. State*, 150 Ga. App. 760 (258 SE2d 620) (1979): "A review of the record shows that at the trial the state proceeded to establish the elements of the crime of *theft by taking* as defined in [OCGA § 16-8-2] rather than theft by receiving stolen property as defined in [OCGA § 16-8-7]. We find this to be a fatal variance between the allegata and probata and must reverse and remand for action consistent with this opinion." See also *Sosbee*, supra; *Clark*, supra; *Wells*, supra.

Here the State's evidence affirmatively proved that defendant took the car without permission. This differs from the situation in which the State is unable to prove who stole the property or that, beyond a reasonable doubt, defendant stole it. Although the State

proved that defendant *retained* the car knowing it was stolen, there was also uncontradicted evidence that defendant stole it. The jury could not have determined that the taking had been committed by someone other than Redding.

Originally, Code Ann. § 26-2620 (Cobb) read "If any person shall buy or receive any goods . . . that shall have been stolen or feloniously taken from another, knowing the same to be stolen or feloniously taken, such person shall be an accessory after the fact, and shall receive the same punishment . . ." as the thief. The 1969 Criminal Code repealed this and enacted the present language, "receives, disposes of or retains." Ga. Laws 1968, p. 1249.

*Suggs v. State*, 59 Ga. App. 394 (1 SE2d 39) (1939) and *Minor v. State*, 58 Ga. 551 (1877) discuss the common law version of OCGA § 16-8-7 as covering a type of "accessory after the fact." Theft was then a felony, accessory after the fact a misdemeanor. Compare OCGA § 16-8-12.

Affirmatively showing that defendant was a principal thief negates the essential element that "some person other than defendant" stole the property. See *Suggs*, supra. Although the operative action verb "retains" was not in the code until 1969 and thus did not figure in *Suggs* and other cases on theft-by-receiving, the heart of the crime is guilty possession by someone who is not the thief. The thief would be guilty of theft by taking, OCGA § 16-8-2, not the secondary activity, even though he thereafter disposed of or retained the property. In every case, as a matter of fact, if he stole the property, he would also necessarily "retain" it, even if only for a short while.

The addition of "retain" to the "receiving" statute thus obviously was not intended by the legislature to embrace the principal thief, who was already fully covered by the common law-based theft by taking statute. It follows that the pre-existing element of "some other person" was not dropped as regards "retaining" when "retaining" was added as another type of criminal activity prohibited by the statute aimed at the secondary party.

I am authorized to state that Presiding Judge McMurray and Judge Sognier join in this dissent.

DECIDED JULY 14, 1989.

*James Archie*, for appellant.
*Robert E. Wilson, District Attorney, Patricia G. Higginbotham, Robert M. Coker, Barbara B. Conroy, Assistant District Attorneys*, for appellee.