### A94A1692. ROBINSON v. THE STATE.
#### (449 SE2d 679)

POPE, Chief Judge.

Defendant Fonte Deron Robinson was convicted by a jury of theft by receiving stolen property. He appeals following the denial of his motion and amended motions for new trial.

1. Defendant's first and third enumerations challenge the sufficiency of the evidence. Specifically, citing *Dyer v. State*, 150 Ga. App. 760 (258 SE2d 620) (1979), defendant contends there was a fatal variance between the crime charged and the proof offered at trial in that the State's evidence established the elements of theft by taking rather

than theft by receiving. However, our review of the record and transcript shows that unlike *Dyer*, in which the evidence demanded the conclusion that the offense of theft by taking had been committed, the evidence in this case was sufficient to establish defendant's guilt of either theft by taking or theft by receiving. "[T]here was no uncontradicted evidence which demanded a finding that [defendant] was the thief. 'The facts in the instant case are(, therefore,) distinguishable from those in *Dyer v. State*, . . . , supra, as the (S)tate did not produce conclusive evidence, as in *Dyer*, that [defendant] committed theft by taking . . . (G)uilt of either theft by taking or receiving could be inferred. " 'In a theft by receiving stolen property case, where the principal thief is unknown, there is no burden on the (S)tate of proving that such thief was not the defendant.' (Cit.)" (Cit.)' *Duke v. State*, 153 Ga. App. 204, 205 (264 SE2d 721) (1980). See also *Poole v. State*, 144 Ga. App. 228, 229 (1) (240 SE2d 775) (1977) (eyewitness testimony that defendant was the thief). '(T)he jury would have been authorized to find the existence of each fact necessary to sustain a conviction of (theft by receiving). . . . (Any) contention that there was a variance between the (S)tate's allegations and proof . . . misses the point that the fatal variance doctrine merely is concerned with proof introduced in support of allegations and is not concerned with the findings the jury may make after having heard the evidence. (Cit.)' [Cit.] Moreover, even if there were a variance, it would not be so material as to be fatal. The crimes of theft by taking and theft by receiving are mutually exclusive. *Sosbee v. State*, 155 Ga. App. 196, 197 (270 SE2d 367) (1980). 'On convicting [defendant] of the charge that he knowingly received the stolen (automobile), the (jury) necessarily determined that the (taking) had been committed by someone *other than* [defendant].' " *Redding v. State*, 192 Ga. App. 325, 326 (384 SE2d 910) (1989). Consequently, defendant's first and third enumerations of error are without merit.

2. Defendant also contends that the trial court erred in refusing to charge the jury, upon written request by the State which was apparently adopted by the defendant, that the "essence of [the] crime of theft by receiving stolen property is that the defendant, . . . bought or obtained property which had been stolen by some person other than the defendant." See *Thomas v. State*, 261 Ga. 854, 855 (1) (413 SE2d 196) (1992). The transcript shows that the trial court charged the language contained in the Suggested Pattern Jury Instructions, which tracks the language of the Code setting forth the offense of theft by receiving. The court also charged the jury that "proof from whom a stolen article was received is not an essential element of the crime of receiving stolen property." Although it may have been better for the court to go further and specifically instruct the jury that an essential element of the offense is that the property be stolen by an-

other, "[t]his . . . language implies that someone other than the accused person actually committed the taking of the property." *Dyer*, 150 Ga. App. at 761. See also *Duke v. State*, 153 Ga. App. 204 (264 SE2d 721) (1980) (" ' "where the principal thief is unknown, there is no burden on the [S]tate of proving such thief was not the defendant" ' "). After reviewing the charge in its entirety, we find the instructions given here were sufficient to inform the jury of the elements of the offense set forth in the indictment. Consequently, defendant's second enumeration of error is without merit.

3. Defendant next contends that the trial court improperly limited his closing argument, in that his counsel was not allowed to argue inferences from the evidence. Our review of the record shows that the objection made by the State and sustained by the court was to the effect that defense counsel was "quoting law" from cases concerning the requirement that someone other than the defendant actually have stolen the property. "Simply stated, the jury should receive law from the court and not from the attorneys." *Beck v. State*, 181 Ga. App. 681, 683 (3) (353 SE2d 610) (1987). Moreover, although the discussion or citation of statutory law is not precluded, and counsel has every right to refer to applicable law during closing argument, the attorneys for the parties should not be allowed to supplement the court's charge by quoting law during closing argument which is not going to be charged by the court. *Conklin v. State*, 254 Ga. 558, 570 (10) (331 SE2d 532) (1985); see also *Freels v. State*, 195 Ga. App. 609, 611 (2) (394 SE2d 405) (1990). While counsel is permitted to argue inferences from the evidence, and obviously to urge that the State has failed to prove its case, to the extent that counsel here was attempting to urge her argument to the jury concerning the variance between the allegata and probata, the trial court properly sustained the objection. That was the type of argument which should have been, and was, properly addressed to the trial court on motion for directed verdict. Lastly, we would also point out that what could be inferred from defendant's testimony was that he had been the victim of a "scam"; under no construction would defendant's testimony have authorized the conclusion that he should not be convicted of the crime charged because he was the principal thief as opposed to the recipient of stolen goods. Under these facts, we do not think that defense counsel's argument was improperly limited.

4. It follows from the foregoing that we find no error in the denial of defendant's motion for new trial.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 3, 1994.

*Carla J. Friend,* for appellant.

*Lewis R. Slaton, District Attorney, Samuel W. Lengen, Frances E. Cullen, Assistant District Attorneys,* for appellee.