A94A2329. WEIDENDORF v. THE STATE.
(449 SE2d 675)

BIRDSONG, Presiding Judge.

Robert J. Weidendorf was indicted for theft by taking a motor vehicle and theft by receiving a motor vehicle. Both counts involved the same vehicle. The State presented evidence that a certain distinctive 1968 Chevrolet El Camino, which was for sale, sat in front of a gas station where the owner's friend worked; it sat at that location until a few days after appellant inquired twice about the vehicle. Then, the El Camino disappeared. Nine months later, the gas station attendant saw the vehicle, now painted black, being driven in front of

the station and being parked at a store across the street. The owner was called; he recognized the El Camino as his. When police arrived, the owner presented a title which matched the vehicle identification number on the vehicle. Appellant presented to the police a bill of sale which did not match the VIN on the vehicle. At trial, appellant admitted having seen the El Camino and having spoken to the gas station attendant; he presented a second bill of sale as representing his purchase of the vehicle, and admitted that the bill of sale he had presented to police was a fabrication made to get a license tag for the vehicle.

The jury acquitted appellant of the charge of theft by taking and convicted him of theft by receiving. He enumerates three errors on appeal. *Held*:

1. Appellant asserts as error the trial court's refusal to charge the jury that the essential elements of theft by receiving are that the accused bought or received the goods; *that the goods were stolen by some person other than the accused*; that the accused knew the goods were stolen; and that in receiving the goods he acted with criminal intent. See *Austin v. State*, 89 Ga. App. 866 (81 SE2d 508); *Suggs v. State*, 59 Ga. App. 394 (1 SE2d 39). However, as noted in the dissent in *Redding v. State*, 192 Ga. App. 325, 328 (384 SE2d 910), the statement in *Austin* and *Suggs* that an essential element of receiving stolen goods is *that the goods were stolen by some person other than the accused* is a reference to the common law version of OCGA § 16-8-7; that common law version covered a type of "accessory after the fact" when theft was a felony and accessory after the fact was a misdemeanor. See *Minor v. State*, 58 Ga. 552; compare OCGA § 16-8-12.

OCGA § 16-8-7 (a) pertinently provides: "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." Current cases have quoted the common law principle from *Suggs* and *Austin* merely to show that an accused who is convicted of receiving stolen goods cannot be convicted of the theft of those same goods. See *Thomas v. State*, 261 Ga. 854, 855 (413 SE2d 196); *Sosbee v. State*, 155 Ga. App. 196, 197 (270 SE2d 367); *Clark v. State*, 144 Ga. App. 69, 70 (240 SE2d 270). The two offenses are mutually exclusive (*Camsler v. State*, 211 Ga. App. 826, 827 (440 SE2d 681)); a conviction of a defendant of both offenses as to the same stolen goods is a contradiction in terms. It is not a requirement of the present law that the State prove the accused did not steal the goods.

2. As the jury acquitted appellant of the charge of theft by taking, the trial court's denial of a directed verdict on that charge is a moot point.

3. Appellant contends the trial court erred in denying a directed verdict as to receiving stolen property because ownership of the vehicle was not proven. The evidence was sufficient to persuade a rational trier of fact beyond a reasonable doubt that the vehicle was owned by the victim, that it was stolen, that appellant did not own it and he knew or should have known it was stolen, all of which are sufficient to satisfy the requirements of OCGA § 16-8-7 (a). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). As the evidence was sufficient to support the conviction, appellant could not have been entitled to a directed verdict of acquittal under OCGA § 17-9-1.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED NOVEMBER 3, 1994.

*Moore & Davidson, W. Keith Davidson,* for appellant.

*Daniel J. Porter, District Attorney, Brian K. Wilcox, Assistant District Attorney,* for appellee.