A98A1235. ROGERS v. THE STATE.
(507 SE2d 25)

Judge Harold R. Banke.

Matthew Ransom Rogers was convicted of voluntary manslaughter and armed robbery. He enumerates two errors on appeal, challenging the sufficiency of the evidence of armed robbery and alleging ineffective assistance of counsel.

This case arose after the victim's employer called his father, concerned that the victim had not appeared at work or telephoned, which he customarily did even when he was five minutes late. The employer and the victim's father met at the victim's house and found a chair cut up by a knife and no sign of the victim. They noticed that the victim's car was missing. After it was discovered at a nearby elementary school, unlocked with the key in it and filled with the victim's untouched Christmas gifts, the police were called. A frantic search by the victim's family and friends ensued. The searchers subsequently realized that a number of the victim's possessions were missing, including his leather jacket, golf clubs, pool sticks, bowling ball, jewelry, wallet, credit cards, and keys. The victim's propensity for carrying large sums of money raised concern.

After several days, the victim's father received an overdue notice in the victim's name from a local video store. The father went to the store and viewed a surveillance tape showing the victim and Rogers together in the store. The victim and Rogers had visited the victim's

father several days before, and the father suspected that Rogers was one of the last persons seen with the victim. The father called Rogers, who gave conflicting stories on when he had last seen the victim the day before he was reported missing.

After receiving this call, Rogers became upset and confided to his cousin that he had killed a man. Ultimately, Rogers confessed to law enforcement officers, claiming the death was an accident, and led them to the body which he had dumped and hidden on his parents' rural property.

When found, the victim's fully clothed body had sustained only one large stab wound which passed through the victim's shirt, entirely through the body, and exited at the back, leaving the shirt and jeans soaked in blood. The medical examiner testified that he thought it unlikely that the wound, which was created by a "great deal of force," could have been made by an upward stab.

Notwithstanding this evidence, at trial Rogers claimed that the stabbing occurred accidentally when the victim fell on Rogers' knife, which had a very large, curved, double-edged blade. According to Rogers, he passed out at the victim's apartment and awoke on his back, with the nude victim on top, attempting to sodomize him. Rogers claimed that from this position he reflexively reached for his knife lying nearby and stabbed the victim in the shoulder and the back; the victim then fell on the knife, delivering the fatal wound. Rogers admitted taking the victim's money. Other items belonging to the victim, including the leather coat, were found in Rogers' car.
*Held*:

1. Rogers argues that the evidence of intent was insufficient to sustain his armed robbery conviction. We disagree.

An armed robbery conviction is authorized even if the taking occurred after the killing, where, as here, the evidence authorizes a finding that the theft was completed by use of an offensive weapon. *Francis v. State*, 266 Ga. 69, 70 (1) (463 SE2d 859) (1995).[1] Our cases have consistently held that this is true " 'regardless of when the intent to take the victim's [property] arose, regardless of whether the victim was incapacitated and even if the victim had been killed instantly.' (Cit.)" *Davis v. State*, 255 Ga. 588, 593 (3) (b) (340 SE2d 862) (1986). Thus, even accepting Rogers' contention that the record contained no evidence of an intent to rob the victim prior to the killing, this argument was previously rejected in *Prince v. State*, 257 Ga. 84, 85 (1) (355 SE2d 424) (1987). Whether Rogers' intent to take the victim's belongings arose before or after the stabbing has no bearing

---

[1] Because the evidence is clearly sufficient to support a finding that Rogers took the victim's coat and money, we need not address his argument regarding theft of a bowling ball or pool sticks.

on whether the evidence was sufficient to create a jury question on the armed robbery charge.

2. Trial counsel's failure to request a jury instruction on the lesser included offense of theft by taking does not constitute ineffectiveness. To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987).

Unless requests to charge are correct, even perfect, a refusal to give them is not reversible error. *Griffin v. State*, 228 Ga. App. 200, 203 (2) (491 SE2d 437) (1997). They must be legal, apt, precisely calibrated to a relevant principle involved in the case, and authorized by the evidence. Id.

Here, the evidence refutes Rogers' claim that he did not use a weapon. Compare *Pearson v. State*, 216 Ga. App. 333, 334 (454 SE2d 205) (1995). The record clearly showed that the victim was fatally stabbed and his property was concomitantly taken. OCGA § 16-8-41 (a). Because the evidence demonstrated completion of the greater offense, no charge on theft by taking was required. *Davis v. State*, 221 Ga. App. 168, 170 (3) (471 SE2d 14) (1996). Accordingly, counsel's failure to request the charge did not constitute a deficiency.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 11, 1998 —
RECONSIDERATION DENIED SEPTEMBER 24, 1998.

*Joel N. Shiver*, for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.