## A01A0361. BRISON v. THE STATE.
### (545 SE2d 345)

MIKELL, Judge.

Troy Brison, proceeding pro se, was convicted of shoplifting and simple battery based on evidence which showed that he took a sweater from the J.C. Penney store at Cumberland Mall and then kicked the loss prevention officer who had followed him into the parking lot. Finding no error, we affirm.

1. At the outset we note that Brison's brief does not comply with the rules of this Court in several respects. It contains no enumeration of errors as required by Court of Appeals Rule 27 (a) (2). See also OCGA § 5-6-40. Instead, the brief lists several arguments in the section captioned "Statement of Facts." Further, the argument section of the brief merely restates various alleged errors and makes conclusory allegations which do not cogently follow the alleged errors set forth. "Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court." *Aldalassi v. Drummond*, 223 Ga. App. 192 (1) (477 SE2d 372) (1996). Despite Brison's violation of this Court's rules, we will defer to his status as a pro se appellant and address the arguments presented, to the extent that we are able to discern them. See *Jones v. State of Ga.*, 241 Ga. App. 768, 769 (1) (527 SE2d 611) (2000); *James v. State*, 214 Ga. App. 763 (449 SE2d 126) (1994).

2. At trial, the loss prevention officer testified that he observed the theft on a surveillance camera and, pursuant to store policy, waited until Brison exited the store before attempting to apprehend him. Brison contended that the state possessed a videotape of the officer's observations, and he sought to compel discovery to review it. He also moved to suppress the evidence. The trial court held a pretrial hearing and determined that the state had no videotape of the incident. The court also informed Brison that in the event the state secured such a tape during trial, the state would not be permitted to introduce it into evidence. Accordingly, as the court in essence granted the relief Brison requested, he has no cause to complain on appeal. *Oliver v. State*, 265 Ga. 653, 654 (2) (461 SE2d 222) (1995).

Moreover, we will not consider Brison's argument, made for the first time on appeal, that the trial court erred in refusing to compel the state to disclose the nonexistent videotape because it was alleg-

edly exculpatory. "It is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal." (Punctuation omitted.) *Kight v. State*, 242 Ga. App. 13, 18 (3) (528 SE2d 542) (2000).

3. Brison next contends that the trial court denied him a fair trial by forcing him to proceed to trial unprepared. However, not only did Brison fail to move for a continuance, he filed a demand for a disposition of his accusation pursuant to OCGA § 42-6-5. Indeed, Brison never contended he was unprepared for trial until after the state cross-examined him. "A defendant will not be allowed to induce an asserted error, sit silently hoping for acquittal, and obtain a new trial when that tactic fails. Induced error is impermissible and furnishes no ground for reversal." (Citations and punctuation omitted.) *Mercier v. State*, 203 Ga. App. 494, 495 (3) (417 SE2d 430) (1992).[1]

4. Brison enumerates as error the trial court's refusal to charge the jury on lesser included offenses. However, the record shows that Brison's requested charge merely recited OCGA § 16-1-7 and did not specify the offenses he wished the court to charge. It is well settled that unless requests to charge are correct, even perfect, a refusal to give them is not reversible error. "They must be legal, apt, [and] precisely calibrated to a relevant principle involved in the case. . . ." *Rogers v. State*, 234 Ga. App. 507, 509 (2) (507 SE2d 25) (1998). "A request to charge must be perfect in form; and it is not perfect when an inference is required to make it correct, and there is no error in refusing such a request." *Evans v. Caldwell*, 52 Ga. App. 475, 486 (184 SE 440) (1936). As the requested charge was not adjusted to the facts of the case and required the court to infer the offenses Brison wished the court to charge, the trial court did not err in refusing to give the requested charge. Id.

5. Brison next asserts that his sentence is unconstitutional. This contention is meritless. Brison was sentenced to the maximum of twelve months for each offense, for a total of twenty-four consecutive months, including six on probation. The sentence imposed was authorized by OCGA § 17-10-3 (a), applicable to misdemeanor convictions. In addition, Brison was fined $250, which was the minimum required by OCGA § 16-8-14 (b) (1) (A), as this was his second shoplifting conviction.

6. Brison enumerates as error the trial court's recharge to the jury on simple battery. However, the evidence shows that Brison stated that he had no objection after the charge was given. Therefore, he has waived this claim of error on appeal. *Harris v. State*, 272 Ga.

---

[1] In a supplemental brief, Brison attempts to enlarge this enumeration of error to assert that a fatal variance existed between the accusation and the evidence. This he cannot do. *Guest v. State*, 229 Ga. App. 627, 628 (1) (494 SE2d 523) (1997).

455, 456 (2) (532 SE2d 76) (2000).
*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 2, 2001 —
RECONSIDERATION DENIED FEBRUARY 21, 2001 —

Troy Brison, *pro se.*
Barry E. Morgan, Solicitor, Todd H. Ashley, Assistant Solicitor, for appellee.