A02A0064. WHITE v. THE STATE.
(564 SE2d 826)

SMITH, Presiding Judge.

Henry J. White was indicted by a Floyd County grand jury for possession of cocaine, two counts of obstruction of an officer, and driving under the influence. The jury acquitted him of driving under the influence and convicted him of the remaining counts.[1] His trial counsel filed an untimely motion for new trial, but then withdrew it. White obtained new counsel, who filed both an amended motion for new trial asserting a claim of ineffective assistance of counsel and a motion for out-of-time appeal. The motion for out-of-time appeal was granted with the provision that a notice of appeal be filed within ten days. This appeal followed before any ruling was obtained on the pending motion for new trial.

---

[1] White was also charged and sentenced as a recidivist.

1. We first must address the question of White's failure to obtain an evidentiary hearing in the trial court on his claims of ineffective assistance of counsel. The proper procedure to follow in the case of an out-of-time appeal was set forth plainly by the Supreme Court of Georgia over ten years ago:

> [T]he grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. It follows from that holding and from the requirement that a claim of ineffective assistance of counsel be determined by means of an evidentiary hearing at the earliest practicable moment, that a claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing.

*Ponder v. State*, 260 Ga. 840, 841-842 (1) (400 SE2d 922) (1991). Failure to do so is a procedural bar to raising the claim at a later time. *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

The trial court erred in directing that a notice of appeal be filed within ten days, apparently believing that an out-of-time motion for new trial could not be filed. "[T]he scope of the permission given when an out-of-time appeal is granted must be broader than that. It should be seen as permission to pursue the post-conviction remedies which would be available at the same time as a direct appeal." *Ponder*, supra at 841 (1). But White did not ask for reconsideration or for an evidentiary hearing on the ineffectiveness claim. "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further." (Citations and punctuation omitted.) *Smith v. State*, 192 Ga. App. 768, 771 (2) (386 SE2d 530) (1989). In this case, White does not even complain of the trial court's order on appeal. Accordingly, he has waived his ineffective assistance claim by failing to pursue it at the earliest practicable opportunity and to obtain a ruling upon it from the trial court before filing a notice of appeal. *Nobles v. State*, 233 Ga. App. 63, 64 (2) (503 SE2d 321) (1998).

2. In White's remaining enumeration of error, he complains that the trial court erred in failing to give a jury instruction concerning his right not to testify. Ordinarily, the failure to give this charge in the absence of a request is not error. *Williams v. State*, 249 Ga. 822, 826 (6) (295 SE2d 293) (1982). But we need not reach this issue,

because when asked if he had any objections to the charge of the court, White's counsel responded, "No." He therefore has waived this claim of error on appeal. *Brison v. State*, 248 Ga. App. 168, 169 (6) (545 SE2d 345) (2001).

In a single sentence found in his argument on this enumeration of error, White raises the unrelated contention that the trial court erred in allowing his unspecified statement to the police into evidence, even in the absence of an objection, without a foundation or showing that he was given his *Miranda* warnings. It appears that White is referring to his statement to police that he "shouldn't have been driving." But White failed to object to admission of this statement at trial. He therefore has waived any right to assert it as error on appeal. *Johnson v. State*, 198 Ga. App. 316, 317 (5) (401 SE2d 331) (1991). White insists that admission of this statement was "plain error" requiring reversal even in the absence of an objection. "Plain error is that which is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding." (Citation and punctuation omitted.) *Buice v. State*, 239 Ga. App. 52, 56 (2) (520 SE2d 258) (1999), aff'd, 272 Ga. 323 (528 SE2d 788) (2000). The admission of White's brief and ambiguous statement does not appear to rise to this level; moreover, White was acquitted of driving under the influence, so it is highly unlikely that this statement, even if improperly admitted, had any effect on the jury's verdict.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED MAY 2, 2002.

*Timothy J. Crouch*, for appellant.
*Fred R. Simpson, Acting District Attorney*, for appellee.