## A11A0620. FIELDS v. THE STATE.
### (714 SE2d 45)

DOYLE, Judge.

Leslie E. Fields III was convicted of misdemeanor theft by receiving stolen property,[1] misdemeanor theft by deception,[2] and two counts of felony theft by receiving stolen property.[3] Following the denial of his motion for new trial, he filed this pro se appeal, enumerating numerous errors he contends the trial court committed. For the reasons that follow, we affirm in part and reverse in part.

Construed in favor of the verdict,[4] the evidence shows that on June 11, 2009, three laptop computers were stolen from the shelf of an Office Depot in Fulton County. On June 12, 2009, Khalfani Mukabi, who was staying a few doors down from Fields at an extended-stay motel in Gwinnett County, noticed Fields offering to sell a laptop to a friend, and Mukabi expressed interest in buying it. The men agreed on a price of $375, and Mukabi paid Fields a $100 down payment, completing the transaction approximately four days

---

[1] OCGA § 16-8-7 (a).
[2] OCGA § 16-8-3 (a).
[3] OCGA § 16-8-7 (a).
[4] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

later. The serial number on that laptop was later determined to match one of the computers stolen from the Office Depot.

Office Depot reported the missing laptops to its loss prevention investigator, who obtained surveillance video showing the man stealing the laptops, and who activated tracking software that ultimately identified Mukabi as the user of one laptop. Police were contacted, and they interviewed Mukabi, determining that his purchase was innocent. Police also spoke to but did not arrest Fields, who denied any wrongdoing and checked out of the motel that night. Police then obtained a warrant to search a nearby storage unit rented by Fields which Mukabi had described to police. In the storage unit, police found a substantial amount of electronic and musical equipment, three golf shirts that were later confirmed to be stolen from a sporting goods store, and the two other laptops stolen from Office Depot.

Fields was later arrested and charged with theft by receiving (one count for each laptop), theft by deception (for receiving payment for the stolen laptop), and theft by receiving (for the golf shirts). After a trial, a Gwinnett County jury found him guilty of all counts except for the theft by receiving the golf shirts.[5] Following the denial of several post-trial motions, Fields filed this appeal.

1. Fields contends that the evidence was insufficient to support the guilty verdict as to the theft by receiving counts because it showed that he was the principal thief of the laptops, not that he received them after they were stolen. We agree.

Under OCGA § 16-8-7 (a),

[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring possession or control or lending on the security of the property.

The Supreme Court of Georgia has described this offense as follows: "The offense of theft by receiving is intended to catch the person who buys or receives stolen goods, *as distinct from the principal thief.* An essential element of the crime of theft by receiving is that the goods *had been stolen by some person other than the accused.*"[6] The State correctly points out that it has no burden to prove that the

---

[5] One theft by receiving count was reduced to a misdemeanor, based on the value of the laptop being less than $500.

[6] (Citation and punctuation omitted; emphasis supplied.) *Thomas v. State*, 261 Ga. 854,

accused did not steal the goods if the principal thief is unknown,[7] but this does not change the fact that if "direct and uncontested evidence identifies the defendant as the original thief, the defendant cannot be convicted of theft by receiving."[8]

Here, there were video and still photographs, clearly revealing Fields's unobstructed face and body from several angles, depicting him as the thief stealing the laptops.[9] Fields's features, which matched those of the man in the video, were described by the interviewing officer who identified Fields in the courtroom. Two witnesses testified that Fields appeared to be the man in the video, and the State itself urged in closing argument that Fields was the man stealing the laptops in the video. Thus, in light of the uncontroverted direct evidence that Fields was the original thief, the State's closing argument that Fields was the original thief, and the fact that "no evidence identified any original thief other than"[10] Fields, we conclude that Fields's conviction on the theft by receiving counts must be reversed.[11]

As to the theft by deception count, the evidence was sufficient to support that guilty verdict because it showed that at the Gwinnett County motel, Fields obtained payment for the stolen laptop after representing it to be marketable and not stolen.[12] We now address Fields's remaining non-moot enumerations of error.

2. Fields contends that the trial court erred by admitting the State's evidence despite various alleged discovery violations committed by the State. Even assuming that the State failed to comply with its discovery obligations, however, the record shows that the State disclosed all of its evidence to Fields and provided him with the

---

855 (1) (413 SE2d 196) (1992).

[7] See *Weidendorf v. State*, 215 Ga. App. 129, 130 (1) (449 SE2d 675) (1994) ("It is not a requirement of the present law that the State prove the accused did not steal the goods."); *Duke v. State*, 153 Ga. App. 204, 205 (264 SE2d 721) (1980).

[8] (Punctuation omitted.) *Phillips v. State*, 269 Ga. App. 619, 631 (10) (604 SE2d 520) (2004).

[9] The evidence was uncontroverted that the theft occurred in Fulton County; Fields was tried in Gwinnett County.

[10] *Phillips*, 269 Ga. App. at 631 (10).

[11] See id.; *Ingram v. State*, 268 Ga. App. 149, 152 (5) (601 SE2d 736) (2004) (specifically rejecting argument that the theft by taking and theft by receiving offenses are not mutually exclusive if a defendant was convicted of *retaining* stolen goods); *Sosbee v. State*, 155 Ga. App. 196, 197 (270 SE2d 367) (1980) ("it is not . . . advised to find that [recent unexplained possession of stolen property] constitutes theft by receiving"). Compare *Duke*, 153 Ga. App. at 205 (affirming conviction even though State produced only circumstantial evidence from which guilt of either theft by taking or receiving could be inferred).

[12] See OCGA § 16-8-3 (a) ("A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property."); *Drake v. State*, 274 Ga. App. 882, 883 (1) (619 SE2d 380) (2005) (selling stolen property constituted offense of theft by deception).

indictment and witness list during a probation revocation hearing 24 days prior to trial, and he was informed at the revocation hearing that the evidence was the same as it would be at his impending criminal trial. Further, there is no evidence of bad faith on the part of the State.[13] "The trial court . . . is vested with discretion in formulating remedies for discovery violations, and we will not reverse the trial court's decision absent an abuse of discretion."[14] Based on the record before us, and in the absence of any showing of bad faith or prejudice, we discern no abuse of the trial court's discretion.[15]

3. Fields also contends that the trial court erred by conducting his trial despite the fact that he received inadequate notice of trial under Uniform Superior Court Rule (USCR) 32.1, which requires the trial court to provide a minimum of seven days' notice before the trial date.[16] The trial court's "noncompliance with USCR 32.1 is to be assessed under the circumstances of each case,"[17] and here, it is clear from the appellate record that while Fields objected to the lack of full notice, he ultimately explicitly declined the trial court's offer of a continuance. "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further" on appeal.[18] Under these circumstances, we discern no reversible error.[19]

4. Fields also contends that he received ineffective assistance of trial counsel. Under *Strickland v. Washington*,[20] to succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[21] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the

---

[13] See OCGA § 17-16-6 (exclusionary remedy available "upon a showing of prejudice and bad faith"); *Mullins v. State*, 267 Ga. App. 393, 398 (3) (599 SE2d 340) (2004) (same).

[14] *Mullins*, 267 Ga. App. at 398 (3).

[15] See id.

[16] *Currington v. State*, 270 Ga. App. 381, 385 (3) (606 SE2d 619) (2004).

[17] (Punctuation omitted.) Id. at 386 (3).

[18] *White v. State*, 255 Ga. App. 228, 229 (1) (564 SE2d 826) (2002).

[19] See id. (reviewing such decisions for an abuse of discretion); *In re Beckstrom*, 295 Ga. App. 179, 181 (1) (671 SE2d 215) (2008) (remedy for inadequate notice is to appear and seek a continuance). See generally *Dally v. State*, 237 Ga. App. 577, 579 (2) (516 SE2d 87) (1999) (if "a case is not convoluted and does not involve a large number of witnesses or intricate defenses, denial of a continuance merely because of shortness of time for preparation for trial does not constitute an abuse of discretion").

[20] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[21] See id. at 687-688, 694 (III) (A)-(B).

reviewing court need not examine the other prong.[22]

Because Fields proceeded pro se at trial, he cannot raise an ineffective assistance of counsel claim with regard to issues that arose during trial.[23] To the extent that he complains of ineffective assistance of counsel prior to trial, the record shows that he received his requested pro se status prior to trial, he was allowed to file pre-trial motions on his own behalf (which were addressed by the trial court), and he has failed to demonstrate how the prior pre-trial representation prejudiced him. Accordingly, he has failed to meet his burden under *Strickland*.

5. Finally, Fields contends that the trial court erred by admitting improper character evidence consisting of video and photographs of him stealing the laptops from the Office Depot. "As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse."[24] Pretermitting whether Fields adequately preserved this asserted error at trial, the evidence challenged on appeal showed the theft of the very laptops Fields was accused of receiving. "Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. This is true even if the defendant's character is incidentally placed in issue."[25] The videotape was relevant to show that the laptops at issue were stolen. Accordingly, we discern no abuse of discretion.

*Judgment affirmed in part and reversed in part. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JULY 1, 2011.

Leslie E. Fields III, *pro se.*
*Daniel J. Porter, District Attorney, Lindsay B. Gardner, Assistant District Attorney,* for appellee.

---

[22] See id. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[23] See *Lopez v. State*, 259 Ga. App. 720, 725 (7) (578 SE2d 304) (2003).

[24] *Sullivan v. State*, 242 Ga. App. 839, 840-841 (3) (531 SE2d 367) (2000).

[25] (Citation and punctuation omitted.) *Smith v. State*, 302 Ga. App. 128, 131 (1) (a) (690 SE2d 449) (2010).